

Wall Street Plaza, 88 Pine Street, 29th Floor, New York, NY 10005-1801
(212) 376-6400  Fax (212) 376-6490

Direct Dial:  (212) 376-6420
Email:  rmbaurley@mdwcg.com

December 9, 2025

Hon. Magistrate Judge Sarah L. Cave
United States District Court
Southern District of New York
500 Pearl Street, Room 1010
New York, New York 10007

> The Court is in receipt of Defendants' letter-motion for a discovery conference at Dkt. No. 33.  The Court shall discuss the discovery dispute with the parties at the telephonic conference on December 12, 2025.
>
> The Clerk of the Court is respectfully directed to close Dkt. No. 33.
>
> SO ORDERED   12/9/25
>
> SARAH L. CAVE
> United States Magistrate Judge

> Re:    **Anais Soto v. County of Chester, Enterprise FM Trust, Inc.**
> **and Kenneth Baker**
> **Civil Docket No: 1:25-cv-951-JHR-SLC**
> **MD File No.:  16263.00456**

Honorable Magistrate Judge Sarah L. Cave:

As your Honor is aware, our office represents the defendants in the above-captioned matter and the parties are currently scheduled for a Status Teleconference on Friday December 12, 2025 at 2:30 p.m. My office is writing the Court at this time to inform her Honor of a significant discovery dispute between the defendants and the plaintiff and to request a Discovery Conference.

Specifically, the defendants are unable to conduct the plaintiff's deposition,[1] as it has come to the defendants' attention that the plaintiff is or may be in possession of third-party records that would verify one of the defendants' liability theories and/or a pending-affirmative defense. Pursuant to your Honor's Individual Practice Rules for Civil Cases, the defendants sent a Good Faith letter to the Plaintiff on or about November 24, 2025 and conducted a telephonic conference with attorney of record for the Plaintiff on Monday, December 1, 2025.

Specifically, the defendants are requesting the following materials from the plaintiff in order to abide by the Initial Case Management Plan and discovery schedule:

A. A copy of all records, emails, cellular data/text messages/phone call logs sent from State Farm to the plaintiff on May 2, 2024 from 8:10 a.m. to 12:10 p.m. in connection with the Drive Safe & Save Product Mobile Data

---

[1] Which has originally been set by your Honor to be completed on or before January 9, 2026.

A PROFESSIONAL CORPORATION  |  PA  NJ  DE  OH  FL  NY  CT  |  www.marshalldennehey.com

B.  Unrestricted HIPAA-Compliant authorizations for the plaintiff's account file and business records from State Farm for the Drive Safe & Save Product Mobile Data

C.  Production of the plaintiff's 2020 Honda vehicle, for the necessary pre-trial inspections

D.  Production of the plaintiff's cellular phone connected with the Drive Safe & Save Product Mobile Data, for the necessary pre-trial inspections

It is the defendants' position that judicial intervention is necessary in order for the defendants to obtain the requested discoverable materials.

(1) Letter Motion for Discovery Conference

On Monday, December 1, 2025, the undersigned Robert M. Baurley, Esq. discussed the above discovery dispute with counsel for the plaintiff Mr. Eli Shmulik, Esq. The parties conferred for approximately twenty (20) minutes. The undersigned explained that the defendants' primary objection to conducting the plaintiff deposition depended on access to "*A copy of all records, emails, cellular data/text messages/phone call logs sent from State Farm to the plaintiff on May 2, 2024 from 8:10 a.m. to 12:10 p.m. in connection with the Drive Safe & Save Product Mobile Data*" and informed plaintiff counsel that, upon information and belief, the requested records provided the plaintiff with a live email report of the motor vehicle collision and on-board computer data for the plaintiff's vehicle at the time of the accident on May 2, 2024. During the above-mentioned teleconference other brief discussions regarding the plaintiff's lawsuit transpired and the undersigned informed Mr. Eli Shmulik, Esq that the defendants would need to file a Letter Motion for a Discovery Conference, given that the plaintiff has not responded to the initial demands for the above-mentioned records were originally requested via Notice to Produce on October 22, 2025.

As of the date of this letter, the defendants have yet to receive the requested records or a response to their Notice to Produce, dated October 22, 2025 or any other responses to Good Faith Letters regarding all outstanding discovery in this matter.

(2) Good Faith Efforts and Communication

For sake of clarity, please see the defendants' attached discovery demands that are still outstanding in this matter. Annexed hereto as **Exhibit A**. Additionally, for the Court's review, please also see all Good Faith Letters exchanged by the defendants—since this matter was removed from Bronx County Civil Supreme Court to United States District Court for the Southern District of New York. Annexed hereto as **Exhibit B**.

The defendants defer to her Honor as to an appropriate briefing schedule for the requested relief, as there is currently another motion pending before the Court.

Respectfully submitted,

Robert M. Baurley
(RMB-5886742)

RMB:ljt

cc:     Law Office of Eli Shmulik, PC
        228 East 45th Street – Suite 600
        New York, New York 10017

        Adam C. Calvert, Esq.

LEGAL/173237123.1