UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANAIS SOTO,

                                    Plaintiff,

        v.                                                        CIVIL ACTION NO. 25 Civ. 951 (JHR) (SLC)

COUNTY OF CHESTER AND KENNETH BAKER,                              **OPINION & ORDER**

                                    Defendants.

**SARAH L. CAVE,** United States Magistrate Judge.

## I. INTRODUCTION

In this personal injury action arising out of a 2024 motor vehicle accident, Defendants County of Chester and Kenneth Baker ("Defendants")[1] move to amend their answer (Dkt. No. 1-2) to assert twelve additional affirmative defenses. (Dkt. Nos. 27–28 (the "Motion"); see Dkt. Nos. 28-2 (the "Amended Answer"); 39 (the "Reply")). The Amended Answer does not assert any counterclaims against Plaintiff Anais Soto, but she opposes any assertion of "a counterclaim for fraud." (Dkt. No. 37). For the reasons set forth below, the Motion is GRANTED.

## II. BACKGROUND

### A. Factual Background

On May 2, 2024, Ms. Soto was driving her vehicle in Harrison, New York when, she alleges, Mr. Baker's vehicle collided with hers (the "Accident") and caused her "severe and serious personal injuries." (Dkt. Nos. 1-1 ¶¶ 12–16; 28 ¶ 2). At the time of the Accident, Mr. Baker appears to have been driving his vehicle in his official capacity as Deputy Sheriff for the County

---

[1] Pursuant to a partial stipulation of voluntary dismissal, all claims against Defendant Enterprise FM Trust d/b/a Enterprise Fleet Management, Inc. were discontinued with prejudice. (Dkt. No. 15).

1

of Chester, a municipality in Pennsylvania.  (Dkt. Nos. 19 at 1–2; 28-2 ¶ 8; see Dkt. No. 1-1 ¶¶ 7–9).

B. **Procedural Background**

In September 2024, Ms. Soto filed a complaint in New York State Court.  (Dkt. No. 1-1 (the "Complaint")).  On January 31, 2025, Defendants removed the action to this Court.  (Dkt. No. 1). On October 9, 2025, after the Honorable Jennifer H. Rearden referred the action for general pretrial purposes, we held an initial case management conference and entered a case management plan setting, inter alia, deadlines for amending the pleadings and liability discovery and a briefing schedule for the Motion (the "CMP").  (Dkt. No. 25).

On October 20, 2025, Defendants filed the Motion, to which is attached a proposed amended Answer (the "PAA").  (Dkt. Nos. 27; 28; 28-1–28-4; 29).  In the PAA, Defendants seek to add allegations that Mr. Baker was driving his vehicle in the scope of his law enforcement employment for the County and to add 15 affirmative defenses (the "Amendments").  (Dkt. No. 28-2).  As is relevant to the Motion, the proposed 26th, 27th, 28th, 29th, 30th, 31st, 32nd, 33rd, 34th, 35th, and 36th affirmative defenses in the PAA assert that Ms. Soto fraudulently staged the Accident and, as part of a "fraudulent and exploitative scheme," underwent excessive and medically unnecessary procedures.  (Dkt. No. 28-2 at 10–13 (the "Fraud Affirmative Defenses")).  As set forth in the Motion, Defendants base the Fraud Affirmative Defenses on the theory that the surgeon who performed surgery on Ms. Soto's shoulder after the Accident, Dr. Mark McMahon, "is currently subject to RICO litigation in connection with fraudulently providing medical services—including arthroscopic surgeries—in connection with illegitimate personal

2

injury claims to New York State's No Fault Insurance providers." (Dkt. No. 29 at 8).[2]  Defendants

concede that they are unable to meet the heightened pleading requirements for fraud in Fed. R.

Civ. P. 9(b) and thus disclaim assertion of a fraud counterclaim, but seek to assert the Fraud

Affirmative Defenses to be able to argue that Ms. Soto "engaged in conduct to cause this

[A]ccident and seek medical treatment that was unnecessary as a result of foul play by [her]."

(Id. at 8–9).  Defendants also seek to add affirmative defenses based on the Pennsylvania Political

Subdivision Tort Claims Act, 42 Pa. Stat. §§ 8541, 8459, 8553 (the "Pennsylvania Municipality Tort

Act") and sovereign immunity (together, the "Municipality Affirmative Defenses").  (Dkt. No. 28-

2 at 20).

On December 17, 2025, Ms. Soto filed an opposition, in which she stated her opposition

to Defendants' attempt to "assert a counterclaim for fraud" and argued that the Fraud

Affirmative Defenses were prejudicial, lacked particularity, and were made in bad faith.  (Dkt.

No. 37 (the "Opposition")).  On January 2, 2026, Defendants filed a reply in which they note Ms.

Soto's non-opposition to the Municipality Affirmative Defenses, reiterate that they are not

interposing a fraud counterclaim, contend that Dr. McMahon's alleged misconduct is "clearly

relevant in this matter," and assert that the Amendments are in made good faith.  (Dkt. No. 39).

---

[2] Defendants refer to Am. Transit Ins. Co. v. All City Family Healthcare Ctr., Inc., No. 24 Civ. 8606 (E.D.N.Y.)
(the "RICO Action").  (Dkt. No. 29 at 8 n.6).  In the RICO Action, the plaintiff, an insurance company, alleges
that Dr. McMahon and dozens of other medical providers performed and billed for fraudulent medically
unnecessary services.  (RICO Action, Dkt. No. 1 ¶¶ 6, 14, 240).

## III. DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 15 provides that a court "should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). This Rule encourages courts to determine claims "on the merits" rather than disposing of claims or defenses based on "mere technicalities." Monahan v. N.Y.C. Dep't of Corr., 214 F.3d 275, 283 (2d Cir. 2000).[3] The Second Circuit has explained that "district courts should not deny leave [to amend] unless there is a substantial reason to do so, such as excessive delay, prejudice to the opposing party, or futility." Friedl v. City of New York, 210 F.3d 79, 87 (2d Cir. 2000). Courts in this District have held that denial of a motion to amend is appropriate where "the movant is guilty of undue delay, (2) the movant has acted in bad faith, (3) the amendment would be futile, or (4) the amendment would prejudice the opposing party." Monterey Bay Mil. Hous., LLC v. Ambac Assurance Corp., No. 19 Civ. 9193 (PGG) (SLC), 2021 WL 4173929, at *8 (S.D.N.Y. Sept. 14, 2021); see Williams v. Citigroup Inc., 659 F.3d 208, 213–14 (2d Cir. 2011) (per curiam) (following Foman v. Davis, 371 U.S. 178 (1962) in describing proper grounds for denying motion to amend as "undue delay, bad faith or dilatory motive on the party of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment").

Of the factors relevant here, prejudice arises when an amendment would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." Soroof Trading Dev. Co., Ltd. v. GE Microgen, Inc., 283

---

[3] Internal citations and quotation marks are omitted from case citations unless otherwise indicated.

F.R.D. 142, 147 (S.D.N.Y. 2012) (citing Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993)).  An amendment is futile if it would not survive dismissal under Rule 12(b)(6) because it fails to contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Brodt v. City of New York, 4 F. Supp. 3d 562, 567 (S.D.N.Y. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

### B.  Application

As noted above, Ms. Soto only opposes the Fraud Affirmative Defenses—which she seems to misconstrue as a fraud counterclaim (Dkt. No. 37 ¶ 2)—and does not address the Municipality Affirmative Defenses, so we deem her to have consented to the latter and do not discuss them further.  See Simmons v. Nat'l R.R. Passenger Corp., No. 19 Civ. 6986 (LGS), 2020 WL 2904847, at *4 (S.D.N.Y. June 3, 2020) (explaining that plaintiff's failure to respond to issue in defendant's motion was deemed waiver of that issue).  We therefore focus on the Fraud Affirmative Defenses.

Ms. Soto opposes the Fraud Affirmative Defenses as prejudicial, lacking in particularity, and made in bad faith.  (Dkt. No. 37).  With respect to prejudice, Ms. Soto contends that the RICO Action does not constitute a finding of wrongdoing, bias, or lack of candor by Dr. McMahon and will "severely prejudice [her] in the eyes of the jury[.]"  (Dkt. No. 37 ¶¶ 3, 5).  Defendants acknowledge that the allegations in the RICO Action remain, at this time, unproven but contend that those allegations "directly call[] into question the quality, candor, and bias of medical services [Dr. McMahon] provided [], including his arthroscopy procedure on [Ms.] Soto[.]"  (Dkt. No. 39 at 4–5).  Thus, Defendants contend, that the RICO Action is "relevant to the veracity and necessity of medical treatment" Ms. Soto received after the Accident and may constitute impeachment material should Ms. Soto offer him as an expert witness on damages.  (Id. ¶ 11).

5

We find that Ms. Soto's prejudice arguments lack merit.  The allegations in the Fraud Affirmative Defenses are relevant to the circumstances of the Accident, whether Ms. Soto intentionally caused the Accident for purposes of obtaining monetary damages, and the nature and extent of her damages.  See Peralta v. Matz, No. 22 Civ. 2422 (OEM) (CLP), 2025 WL 2208328, at *10–11 (E.D.N.Y. Aug. 4, 2025) (permitting defendants to amend answer to add fraud counterclaim based on allegations that plaintiffs fraudulently caused vehicle accident and were associated with medical providers accused of misconduct).  Ms. Soto's arguments about jury prejudice are more pertinent to evidentiary issues at trial and are premature at the pleading stage of the case.  As Defendants correctly point out, any evidentiary concerns can be addressed by motions in limine or appropriate jury instructions.  See Pender v. Toyota Motor Credit Corp., No. 00 Civ. 4711 (AGS), 2001 WL 15675, at *3 n.2 (S.D.N.Y. Jan. 5, 2001) (explaining that risk of potential prejudice from evidence at trial could be addressed by "routine" motions in limine); Dempsey v. City of Rochester, Nos. 19 Civ. 6780 (CDH), et al., 2025 WL 3291822, at *6 (W.D.N.Y. Nov. 26, 2025) (explaining that motions in limine and jury instructions were "avenue to mitigate any potential prejudice").  Therefore, prejudice does not provide grounds to deny the Motion.

With respect to particularity, Ms. Soto contends that Defendants have failed to plead the elements of a fraud counterclaim with the particularity required by Rule 9(b) and therefore are futile.  (Dkt. No. 37 ¶¶ 17–22).  Defendants reiterate that they are not asserting a fraud counterclaim and interpose the Fraud Affirmative Defenses to permit "discovery related to possible misconduct[.]"  (Dkt. No. 39 ¶ 7).  Rule 9(b) requires fraud to be pled with particularity and to "(1) detail the statements (or omissions) that the [party] contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and

6

(4) explain why the statements (or omissions) are fraudulent." Olson v. Major League Baseball, 29 F.4th 59, 71 (2d Cir. 2022).  Here, the Fraud Affirmative Defenses allege, inter alia, that Ms. Soto "willingly and knowingly stopped in the lane of traffic" to fraudulently stage the Accident and "materially misrepresented the cause of the [A]ccident" leading to unnecessary medical treatment for the purposes of recovering damages.  (Dkt. No. 28-2 ¶¶ 48–57).  If true, "these allegations give rise to an inference of [Ms. Soto's] intent to defraud" Defendants about the cause of the Accident and her damages, so we find that "the allegations of fraud are stated with sufficient specificity to satisfy Rule 9(b)." MB 1607, LLC v. Mt. Hawley Ins. Co., No. 24 Civ. 7513 (JLR), 2025 WL 2452166, at *1 (S.D.N.Y. Aug. 26, 2025) (granting motion to amend answer to assert fraud counterclaim); see Peralta, 2025 WL 2208328, at *10–11 (same).  We therefore find that the Fraud Affirmative Defenses are not futile.

Finally, Ms. Soto's argument that the Motion is made in bad faith because it lacks evidence and particularity (Dkt. No. 37 ¶ 23) fails due to our conclusions that the Fraud Affirmative Defenses will not cause undue prejudice and meet the particularity requirements of Rule 9(b).  Ms. Soto's suggestions about Defendants' counsel's "incompetence" are hostile and unwarranted, and we caution Ms. Soto to refrain from similar ad hominem attacks in this action going forward. Gortat v. Capala Bros., Inc., No. 07 Civ. 3629 (ILG), 2009 WL 10706564, at *15 (E.D.N.Y. June 3, 2009) (imposing sanctions on attorney who violated magistrate judge's orders by continuing to make ad hominem attacks on opposing counsel); Robles v. City of New York, No. 19 Civ. 6581 (AT) (BCM), 2021 WL 1034773, at *2 (S.D.N.Y. Feb. 26, 2021) (noting reminder to counsel that "ad hominem attacks ordinarily serve only to weaken the force of an attorney's legal argument"); In re Gulf Oil/Cities Serv. Tender Offer Litig., No. 82 Civ. 5253 (MBM), et al.,

1990 WL 108352, at *7 (S.D.N.Y. July 20, 1990) (describing as "inexcusable" attorneys' ad hominem attacks in motion papers).

Accordingly, because we have found that the Fraud Affirmative Defenses will not impose undue prejudice, are alleged with sufficient particularity, and are therefore not futile nor made in bad faith, the Motion is GRANTED and the PAA will be deemed Defendants' operative pleading in this action.

### IV. CONCLUSION

For the reasons set forth above, the Motion is GRANTED.  The Clerk of the Court is respectfully directed to close Dkt. No. 27.

Dated:      New York, New York
            January 13, 2026

SO ORDERED.

_____
SARAH L. CAVE
United States Magistrate Judge

8